UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RONALD W. CAMPBELL,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SANTA CRUZ, et al.,<br><br>  Defendants. | Case No. 5:14-cv-00847-EJD<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>**(Re: Docket No. 54)** |

Plaintiff Ronald W. Campbell seeks production of four internal investigation files concerning Defendant Matt Delorenzo. The files are in the custody of third party San Jose Police Department—where Delorenzo worked after working in the Santa Cruz County Sheriff's Office. Campbell wants these files to prove Delorenzo's intent or absence of mistake in taking the actions in Santa Cruz County at issue in this case. Defendants Delorenzo and County of Santa Cruz oppose.

There is no real dispute that in the Ninth Circuit, subsequent acts may be admissible under Fed. R. Evid. 404(b) and therefore discoverable under Fed. R. Civ. P. 26(b)(1).[1] The parties' dispute lies in whether Campbell can meet his burden to show that (1) there is sufficient proof for

---

[1] *See United States v. Bibo-Rodriguez*, 922 F.2d 1398, 1400 (9th Cir. 1991) ("By its very terms, 404(b) does not distinguish between 'prior' and 'subsequent' acts. We have specifically allowed prior act evidence . . . [and] we allowed subsequent act evidence to prove intent."); *United States v. Ayers*, 924 F.2d 1468, 1473 (9th Cir. 1991) ("[I]t is clear that evidence of subsequent crimes or acts of misconduct is admissible if it is relevant to an issue at trial.").

1

Case No. 5:14-cv-00847-EJD
ORDER RE: DISCOVERY DISPUTE

the jury to find that the defendant committed the other act; (2) the other act is not too remote in time; (3) the other act is introduced to prove a material issue in the case; and (4) the other act, if used to prove intent, is similar to the offense charged.[2]

Campbell cannot point to anything that suggests that the evidence he seeks meets this criteria. Rather, Campbell seems to assume that any complaint filed in any police department at any time is necessarily similar enough to Campbell's own complaint to be relevant. The court respectfully disagrees. Had Campbell been able to point to deposition testimony or a declaration of a different complainant that might suggest with some degree of specificity that any of the four internal investigation files he now seeks bear any relation to his own encounter with Delorenzo, this may be a different story. But Campbell instead states only that "San Jose's IA documents are reasonably likely to include complaints and investigations related to excessive force, assault, and battery—information that is directly relevant to the allegations in this case and reasonably calculated to lead to admissible evidence."[3] These are mere conclusions. Without more, the court cannot simply presume that these other complaints are relevant.[4]

The request is DENIED.

**SO ORDERED.**

Dated: July 20, 2015

*PAUL S. GREWAL*
United States Magistrate Judge

---

[2] *See id.*; *United States v. Miller*, 874 F.2d 1255, 1268 (9th Cir. 1989); *United States v. Hadley*, 918 F.2d 848, 850-51 (9th Cir. 1990).

[3] *See* Docket No. 54 at 3.

[4] Because the additional deposition time sought was to be limited to issues arising out of any further document production, the request is DENIED as moot.

2
Case No. 5:14-cv-00847-EJD
ORDER RE: DISCOVERY DISPUTE