UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RONALD W. CAMPBELL, | Case No. 5:14-cv-00847-EJD |
| Plaintiff, | **ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| v. | |
| COUNTY OF SANTA CRUZ, et al., | **(Re: Docket No. 62)** |
| Defendants. | |

Plaintiff Ronald W. Campbell seeks reconsideration of this court's order denying production of four internal investigation files concerning Defendant Matt Delorenzo, wherein the court found that Campbell was unable to show that the internal investigation files were reasonably likely to lead to admissible evidence.[1] Campbell primarily takes issue with the court's reliance on Fed. R. Evid. 404(b) to assess the discoverability of the records at issue. Campbell misapprehends the court's point. While the court referred to the interaction between Fed. R. Evid. 404(b) and Fed. R. Civ. P. 26(b)(1) in determining the admissibility of evidence, the court relied on Fed. R. Civ. P. 26(b)(1) to determine the discoverability of the documents in question. As explained below, because Campbell still fails to show that the four internal investigation files are reasonably likely to lead to admissible evidence, the court stands by its previous ruling and DENIES the motion for leave to file motion for reconsideration.

---

[1] *See* Docket No. 59.

1

Case No. 5:14-cv-00847-EJD
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Fed. R. Civ. P. 26(b)(1) provides that "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[2]

Campbell mistakenly concludes that this court denied Campbell's motion to compel because he could not show how the investigation files are relevant at this time.[3] But that is not what the court said. The court took issue with Campbell's conclusory assertion that simply because certain complaints exist in Delorenzo's case file, they must be relevant to this case and reasonably calculated to lead to admissible evidence.[4] What Campbell does not establish is why or how. For example, Campbell fails to tie investigation files housed at the San Jose Police Department to the incident at issue in this case, which allegedly occurred while Delorenzo was employed by the Santa Cruz County Sherriff. Absent any suggestion—beyond mere speculation—that the former would have any bearing on the latter, the court simply cannot conclude that these records fall within the bounds of what is discoverable under Rule 26.

The motion is DENIED.

**SO ORDERED.**

Dated: August 26, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[2] Fed. R. Civ. P. 26(b).

[3] See Docket No. 62 at 5.

[4] See Docket No. 59 at 2 ("Campbell instead states only that 'San Jose's IA documents are reasonably likely to include complaints and investigations related to excessive force, assault, and battery—information that is directly relevant to the allegations in this case and reasonably calculated to lead to admissible evidence.' These are mere conclusions.").